ROIG COMMERCIAL BANK, demandante y apelado, *v.* SUCESIÓN DE E. LUGO VIÑA, compuesta de LUCÍA R. VDA. DE LUGO VIÑA, EDUARDO, AURORA, ANDRÉS Y LUCÍA LUGO VIÑA, demandada y apelante.

No. 3621.—*Visto:* Abril 13, 1925.  *Resuelto:* Abril 21, 1925.

1. APELACIÓN Y ERROR—REQUISITOS Y PROCEDIMIENTOS PARA ELEVAR EL CASO—NOTIFICACIÓN DE APELACIÓN—FORMA.—Si bien una apelación debe propiamente interponerse por medio de un escrito dirigido a la parte contraria y al secretario de la corte notificándoles que el apelante apela de la sentencia, sin embargo, cuando claramente aparece del documento notificado y archivado, titulado "moción de apelación", que la apelación se interpuso, esto es suficiente.

2. APELACIÓN Y ERROR—REQUISITOS Y PROCEDIMIENTOS PARA ELEVAR EL CASO—NOTIFICACIÓN DE APELACIÓN—REMISIÓN POR CORREO.—El *affidavit* de haberse remitido copia del escrito de apelación por correo debe expresar en qué oficina de correos se depositó el sobre conteniendo dicha copia; sin embargo, la apelación no será desestimada si ese hecho puede deducirse implícitamente del *affidavit.*

3. APELACIÓN Y ERROR—REQUISITOS Y PROCEDIMIENTOS PARA ELEVAR EL CASO—FUNDAMENTOS DE LA DESESTIMACIÓN—DEFECTOS EN LOS PROCEDIMIENTOS A REVISAR.—Cuando el escrito de apelación se remite por correo y el *affidavit* del diligenciamiento no expresa que se pagó franqueo alguno en la copia que se envió a la parte contraria, el apelante ha dejado de probar la notificación, y la apelación será desestimada por falta de jurisdicción.

MOCIÓN sobre desestimación de apelación presentada por el apelado. *Con lugar.*

*Manuel F. Rossy,* abogado de los apelantes; *González, Fagundo & González, Jr.,* abogados del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Se pide la desestimación de este recurso de apelación porque el escrito interponiéndolo no se dirigió al Secretario de la corte; porque no se dice en qué oficina de correo se

depositó la copia enviada a la parte contraria, ni tampoco que fuera debidamente franqueada, y porque es frívola.

[1] En efecto el escrito de apelación archivado no se ajusta a la práctica seguida en Puerto Rico que es la recomendada en. todos los formularios que hemos consultado y la que está en armonía con el texto inglés del artículo 296 del Código de Enjuiciamiento Civil. (Comp. 1911, p. 865). En vez de archivarse una notificación al Secretario de la Corte y al abogado de la parte contraria, se presentó un escrito titulado "Moción de Apelación." El escrito en forma de notificación es importante porque llama directamente la atención al funcionario y a la otra parte sobre la materia. Sin embargo, como de la "moción" a que nos hemos referido aparece sin lugar a dudas de ningún género que la apelación se interpuso, no creemos que la forma irregular del escrito, por sí sola, deba dar motivo a la desestimación del recurso.

[2] La diligencia de notificación dice:

"Yo, el abajo firmado, declaro: que soy el abogado defensor de doña Lucía Rossy viuda de Lugo Viña, apelante en este caso, y hoy he puesto en el buzón del correo de esta ciudad, un sobre conteniendo una copia de esta moción de apelación, dirigida al abogado del demandante señor Francisco González Fagundo que tiene su oficina en Humacao, con el objeto de notificarle dicha apelación.— (Fdo.) Manuel F. Rossy.

"Suscrito y jurado por Manuel F. Rossy, abogado mayor de edad y vecino de aquí a quien conozco personalmente.

"San Juan, 27 marzo 1925.--(Fdo.) Edo. Pérez Casalduc, Secretario de la Corte.

"Por: J. E. Gelpí, Sub-Sec."

Aunque no se consigna expresamente como debiera el nombre de la oficina de correo en que el sobre se depositó, se deduce que fué la de San Juan. Tampoco procede, pues, por tal motivo, la desestimación.

[3] En cuanto al franqueo ni se expresa, ni hay base para deducir que fué pagado. Para que se entienda hecha

la "remisión por correo" la ley exige de modo terminante que el sobre se franquee. Artículo 322 del Código de Enjuiciamiento Civil. (Comp. 1911, p. 907, sec. 5366.)

Es el deber del apelante demostrar por sí mismo que su apelación fué debidamente interpuesta. De otro modo no surgiría de los autos la jurisdicción de esta corte. Para que una apelación se entienda debidamente interpuesta es necesario que se notifique al Secretario de la corte y al abogado o abogados de la parte o partes contrarias. Aquí consta que la apelación se notificó al Secretario pero no a la parte contraria porque habiéndose escogido el medio de la remisión por correo no consta que el sobre fuera franqueado.

*Siendo ello así, no apareciendo que esta corte haya adquirido jurisdicción, debe desestimarse el recurso.*

Aunque dada la anterior conclusión no es necesario resolver si existe o no el otro motivo de desestimación alegado, a saber: que la apelación es frívola, deseamos consignar que del estudio que hemos hecho nos inclinamos a creer que el recurso carece de todo fundamento sólido.