José Muñoz Vázquez, demandante y apelado, *v.* Marcelina Santana Viuda de Bonilla y Carmen Flores, demandadas y apelantes.

No. 3662.—*Visto:* Junio 1, 1925.· *Resuelto:* Junio 12, 1925.

1. Apelación y Error—Requisitos y Procedimientos para Elevar el Caso—Causa de Error, Citación o Notificación—Escrito de Apelación—Especificación del Importe de la Sentencia.—Apelada una sentencia dictada en un caso en cobro de dinero, no es necesario especificar, en el escrito de apelación, el importe de la misma para que el Tribunal Supremo pueda adquirir jurisdicción.

2. Apelación y Error—Requisitos y Procedimientos para Elevar el Caso—Causa de Error, Citación o Notificación—Escrito de Apelación—Especificación de la Sentencia Contra la Cual se Apela.—Un escrito de apelación que especifica la sentencia contra la cual se apela, excluye cualesquier órdenes o resoluciones apelables no comprendidas en la palabra ''sentencia'' tal como se define por la ley.

3. Apelación y Error—Requisitos y Procedimientos para Elevar el Caso—Causa de Error, Citación o Notificación—Escrito de Apelación—Identificación de la Sentencia Apelada.—Procede declarar sin lugar una moción sobre desestimación de apelación basada en que en el escrito de apelación no aparece identificada la sentencia de que se apela, cuando ésta aparece identificada de la copia certificada presentada por el apelante y de la moción del apelado.

4. Apelación y Error—Requisitos y Procedimientos para Elevar el Caso—Causa de Error, Citación o Notificación—Notificación de Escrito de Apelación—Affidavit Defectuoso.—Cuando el *affidavit* de haberse notificado un escrito de apelación por correo es defectuoso, la parte que desee aprovecharse de defectos técnicos en el mismo, debe cuidar de no suplir las omisiones de que se queja.

Moción sobre desestimación de apelación presentada por el demandante apelado. *Denegada.*

*Luis Mendín,* abogado de las apelantes; *Ricardo H. Blondet,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

El demandante-apelado pide que se desestime la apelación y alega que el escrito de apelación es fatalmente defectuoso, por las razones que pasamos a citar:

"(*a*) Si se trata de apelar de la sentencia dictada por la Honorable Corte de San Juan, Primer Distrito, pronunciada el 2 y registrada el 17 de abril de 1925 y por la cual se declaró con lugar la demanda y en su consecuencia se condenó a la sucesión demandada a pagar al demandante la suma de $250 más sus intereses; porque tratándose de una sentencia en cobro de dinero debe de especificarse, en el escrito de apelación, el importe de la sentencia de que se apela.

"(*b*) Porque no apareciendo del escrito de apelación, ese Honorable Tribunal Supremo carece de jurisdicción, pues la jurisdicción se la da la cuantía envuelta en el caso, en esta clase de acciones.

"(*c*) Porque en este caso se han dictado varias resoluciones apelables y el apelado tiene derecho a saber con exactitud de cuál de ellas se apela, para preparar su defensa al efecto.

"(*d*) Porque del escrito de apelación tampoco aparece identificada la sentencia o resolución de que se apela por la fecha en que se dictó, por lo cual no podría afirmativamente comprobarse que la apelación pueda ser perfeccionada dentro del término legal y que ese Honorable Tribunal Supremo pueda adquirir jurisdicción para resolver la apelación.

"(*e*) Porque el juramento prestado por Francisco Marcano en el escrito de apelación y referente a la notificación por correo del aludido escrito es fatalmente defectuoso, pues dicho *affidavit* no reúne los requisitos que exige en tales casos el artículo 321 del Código de Enjuiciamiento Civil, 'cuando la persona encargada de hacer la notificación o de remitir los documentos, y aquellas a quienes fueron dirigidas residieren y tuvieren su oficina en distintos puntos entre los cuales hubiere un servicio regular por correo.' Dicho *affidavit* en ninguna parte alega la diversidad de residencia de las partes ni que la persona que practica la notificación y a aquella a

quien dicha notificación se hizo, residen o tienen sus oficinas en distintos sitios.''

[1] A falta de algo que demuestre que el caso se originó en la corte municipal, se nos hace algo difícil entender la contención del abogado respecto a la cuantía jurisdiccional envuelta. Si hemos prescindido de cualquier precepto legislativo que de tal modo limite la jurisdicción de esta corte, entonces hemos empleado inconscientemente una gran cantidad de tiempo y trabajo en resolver un número considerable de casos que, de otro modo, hubieran sido desestimados prontamente a iniciativa de esta misma corte.

[2] El escrito de apelación especifica una sentencia, y hasta ese punto excluye cualesquier órdenes o resoluciones apelables no comprendidas en la palabra ''sentencia,'' como se define en nuestro Código de Enjuiciamiento Civil.

[3] El cuarto fundamento sería más sostenible si no fuera por el hecho que revela la copia certificada de la sentencia final registrada en abril 17, presentada por el apelante y a la cual ya se ha hecho referencia en la cita, *supra,* que ha sido tomada de su moción.

[4] Así también, y admitiendo en pro del argumento que el escrito de apelación ''en ciertos particulares y para algunos fines . . . . corresponde al emplazamiento por virtud del cual se trae al demandado ante la corte superior,'' sin embargo, el defecto alegado en el párrafo (*e*) parece haber sido subsanado por el muy amplio y completo *affidavit* de notificación que acompaña a la moción que ahora consideramos.

Hasta ahora hemos resuelto en un número considerable de casos, que defectos semejantes en el *affidavit* de notificación de un emplazamiento pueden ser subsanados por prueba *aliunde* siempre y dondequiera que la sentencia sea atacada por falta de jurisdicción debido a tal notificación aparentemente defectuosa; y a falta de cualquier indicación de un fundamento satisfactorio para hacer una distinción en este

sentido, estamos obligados a resolver que las partes que se aprovechen de los defectos técnicos de esta naturaleza, por claros que sean, deben tener cuidado en no suplir las omisiones de que se quejan. *Debe denegarse la moción.*