LUIS FONTÁNEZ, demandante y apelante, *v.* SUCN. DE JUAN BUXÓ OCASIO, demandada y apelada.

No. 3748.—*Visto:* Noviembre 2, 1925. *Resuelto:* Noviembre 3, 1925.

APELACIÓN Y ERROR—DESESTIMACIÓN, RETIRO Y ABANDONO—FUNDAMENTOS DE LA DESESTIMACIÓN—DEFECTOS EN LOS PROCEDIMIENTOS A REVISAR. — Notificado un escrito de apelación por correo, si el *affidavit* del diligenciamiento no expresa que se pagó franqueo alguno, procede desestimar la apelación por falta de jurisdicción.

Moción sobre desestimación de apelación presentada por la apelada. *Con lugar.*

*Bolívar Pagán,* abogado del apelante; *González Fagundo & González, Jr.,* abogados de la apelada.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

La notificación de la apelación en este pleito fué hecha al abogado de la apelada por correo, según una declaración jurada acompañada con el escrito de apelación, pero se nos pide que desestimemos la apelación por el motivo de que dicha declaración jurada no expresa que el pliego que fué puesto en el correo con la notificación de la apelación tenía el franqueo correspondiente. A tal petición se opone la apelante alegando que ha cumplido con el estatuto puesto que la declaración jurada dice que el pliego conteniendo la notificación fué puesto en el correo por lo que hay que presumir que el apelante cumplió con la ley y que por tanto el sello del franqueo fué puesto en el sobre.

El artículo 322 del Código de Enjuiciamiento Civil dispone que "en los casos de remisión, la notificación o documentos deberán depositarse en la administración de correos, dirigidos a la persona a quien hubiere de intimarse, o hacerse la entrega, a su oficina o residencia pagándose el franqueo. . . . ." Por consiguiente, no basta con que en la declaración jurada se diga que la notificación o documento fué depositado en el correo, como alega el apelante, sino que en ella debe hacerse constar que el franqueo fué pagado, ya que la ley expresamente dice "pagándose el franqueo" por lo que en vista de esta exigencia de la ley no puede acudirse a presunciones que ella rechaza. El caso de *Roig Commercial Bank* v. *Sucesión de E. Lugo Viña,* 34 D.P.R. 155, que desestimó una apelación por este motivo, por estar privado de jurisdicción este tribunal, es aplicable al presente, *por lo que la apelación debe desestimarse.*

El Juez Asociado Sr. Wolf no tomó parte en la resolución de este caso.