A. Alvarez y Hermanos, demandantes y apelantes, *v.* Victoria R. de Alamo y Agustín Alamo, demandados y apelados.

No. 3974.—*Visto:* Noviembre 29, 1926. *Resuelto:* Diciembre 8, 1926.

1. Apelación y Error—Requisitos y Procedimientos para Elevar la Causa—Causa de Error (*Writ of Error*), Citación o Notificación—Escrito de

APELACIÓN—FALTA DE NOTIFICACIÓN Y EFECTO.—El no aparecer del récord que el escrito de apelación se notificó a la parte apelada o su abogado no es motivo para desestimar cuando aportada prueba aliunde sobre tal notificación, dicha prueba es suficiente para concluir que la notificación se hizo.

2. APELACIÓN Y ERROR—RÉCORD Y PROCEDIMIENTOS QUE NO ESTÁN EN RÉCORD—DEFECTOS, OMISIONES, ENMIENDAS Y CORRECCIONES—OMISIONES EN EL RÉCORD Y EFECTO—OMISIONES COMO FUNDAMENTOS DE DESESTIMACIÓN.—Es el deber del apelante al preparar la transcripción del legajo de la sentencia, incluir todos los documentos que de acuerdo con la ley forman parte de dicho legajo. Cabe corregir la omisión de documentos que forman parte del legajo durante el curso de la apelación. Si no se corrigiere, puede, por tal motivo, desestimarse el recurso.

Moción sobre desestimación de apelación presentada por los apelados. *Concedido término* para adicionar el récord, y si así no se hiciere, se registrará resolución desestimando el recurso.

*Francisco Soto Gras,* abogado del demandante; *Manuel Benítez Flores,* abogado de los apelados.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Se solicita la desestimación del recurso porque el escrito de apelación no fué notificado a la parte apelada y porque no se han incluído en la transcripción determinados documentos.

[1] El artículo 296 del Código de Enjuiciamiento Civil prescribe que una apelación se interpone entregando al Secretario de la corte en que fué dictada o registrada la sentencia o providencia apelada un escrito manifestando que se apela de ella o de determinada parte de la misma, *y presentando idéntica manifestación a la parte contraria o a su abogado.*

De los autos aparece que el escrito de apelación fué archivado el 29 de marzo de 1926 en la corte de distrito. Al pie del mismo consta lo que sigue: "Notificado con copia hoy"_____de marzo de 1926. _____ Abogado de los demandados." Nada más existe.

La parte apelante así lo reconoce pero sostiene que la notificación se hizo y al efecto presenta como prueba una declaración jurada de José I. Lomba que dice que recibió

el escrito original de apelación y una copia del mismo el 29 de marzo de 1926 en el bufete del Lcdo. Soto Gras, abogado del demandante, en San Juan, P. R., y ese mismo día se trasladó al bufete del Lcdo. Benítez Flores, abogado de los demandados, situado también en San Juan, P. R., y hallándose dicho abogado ausente practicó la notificación dejando en poder de un empleado suyo que entonces y allí actuaba como tal empleado, secretario o encargado de la oficina, la copia referida.

El artículo 320 del citado Código de Enjuiciamiento Civil dispone que la diligencia de notificación a un abogado cuando se hallare ausente de su bufete podrá verificarse "Entregando la notificación . . . . al empleado o persona encargada de la oficina. . . . ."

Siendo ello así, parece suficiente la prueba aportada para concluir que la notificación se hizo y en tal virtud que no cabe desestimar el recurso por el primero de los motivos alegados.

[2] Examinemos el segundo. La parte apelante admite que no se han incluído en la transcripción del legajo de la sentencia los documentos especificados por la parte apelada, pero sostiene que no se incluyeron por innecesarios.

Los documentos dejados de incluir son: 1, los emplazamientos; 2, la moción impugnándolos; 3, la orden declarando sin lugar la impugnación; 4, una moción eliminatoria; 5, orden negándola; 6, excepciones previas; 7, orden desestimándolas; 8, moción sobre aseguramiento de sentencia, y 9, orden de embargo.

Estamos conformes con la parte apelante en que no estaba obligada a incluir en la transcripción el mayor número de los documentos mencionados porque de acuerdo con la ley no forman parte del legajo de la sentencia a menos que se incluyan en él por medio de algún pliego de excepciones, lo que no se alega que se hiciera, pero hay dos, a saber, las excepciones previas y la resolución dictada con motivo de

las mismas que forman parte por mandato expreso de la
ley del legajo de la sentencia y que en tal virtud el apelante
estaba obligado a incluir.   También los emplazamientos hu-
bieran formado parte del legajo de la sentencia en el caso
de no haberse contestado como se contestó la demanda.

El artículo 233 del Código de Enjuiciamiento Civil, que
no ha sido derogado ni afectado por la llamada "ley de
costura" de 1906—Ley proveyendo el modo de coleccionar
los autos en los asuntos civiles, aprobada en 19 de Febrero
de 1906, Leyes de 1906, p. 99—, impone al Secretario de
Distrito el deber de formar "el legajo de la sentencia" in-
mediatamente después de registrada ésta y especifica los
documentos que constituyen dicho legajo, entre los cuales
están "las alegaciones" y "copia de cualquier resolución
recaída respecto de alguna excepción previa."

El artículo 299 del propio Código, tal como se aprobó
originalmente, Leyes de 1904, p. 299, y como fué enmendado
en 1911, Comp. 1911, p. 902, prescribe que constituirá el
récord de una apelación entre otros documentos la "certifi-
cación del legajo de la sentencia" y la ley No. 81 de 1919
—Leyes de 1919, p. 675—a cuyos beneficios parece haberse
acogido la parte apelante pidiendo una transcripción de la
evidencia, enmendando de nuevo el dicho artículo 299 en-
tre otras cosas dispone lo que sigue:

"Constituirá el récord de una apelación la certificación que li-
bran el secretario del tribunal *a quo,* o los abogados de las partes,
del legajo de la sentencia y de la notificación de la apelación, ex-
cepto en el caso de haberse aprobado una transcripción de la eviden-
cia de acuerdo con la ley.   En este caso el récord de apelación es-
tará constituído por dicha transcripción original y por certificación
de los demás documentos que constituyan el legajo de la sentencia
autorizada en la forma prevista anteriormente.   Será deber del ape-
lante entregar al secretario dicha certificación autorizada por los
abogados de las partes, o solicitar la misma de aquél, y dicho fun-
cionario elevará a la Corte Suprema, sin demora alguna, el récord
completo de la apelación. . . . . ."

Ahora bien, ¿procede por el motivo indicado la desestimación del recurso?

Hemos examinado ligeramente el récord y nuestra primera impresión es que las cuestiones envueltas podrían discutirse perfectamente tal como se encuentra aquél en la actualidad. Siendo ello así se explica el error cometido. Además, estimamos que dicho error no es de tal naturaleza que produzca de modo . inevitable la desestimación del recurso. Puede corregirse.

Siendo ello así, la resolución que parece más justa y apropiada es la de conceder a la parte apelante un término de diez días para que corrija el récord haciendo formar parte de él la excepción perentoria y la resolución de la corte y cualquier otro documento que sea parte del legajo de la sentencia, y si así no lo hiciere, entonces que se registre una resolución desestimando el recurso.

El Juez Asociado Sr. Hutchison no tomó parte en la resolución de este caso.