Nicolás Cruz, demandante y apelado, *v.* José Donato, conocido por Pepín, demandado y apelante.

No. 5829.—*Sometido:* Diciembre 7, 1931. *Resuelto:* Diciembre 18, 1931.

*González Fagundo & González Jr.,* abogados del apelante; *Rafael S. Vidal,* abogado del apelado.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

Se solicita la desestimación de este recurso porque jamás se apeló de la sentencia dictada en el pleito sino de cierta resolución recaída con anterioridad que no era apelable.

De los autos aparece que la sentencia se dictó y se registró en mayo 7, 1931, notificándose el mismo día a la parte perjudicada.

El escrito de apelación, copiado a la letra, dice:

"Corte de Distrito de Humacao, P. R.—Nicolás Cruz, demandante, vs. José Donato, demandado.—Civil No. 15674. Sobre Desahucio.—Moción. Al Sr. Secretario de dicha corte y al Sr. Rafael S. Vidal, abogado del demandante:

"Sírvanse quedar notificados de que, la parte demandada, no conforme con la resolución recaída en la moción para que se oiga la prueba de la parte demandada, vista el día 13 del corriente mes y año, apela de la misma para ante la Hon. Corte Suprema.

"Yabucoa, P. R., a 17 de abril de 1931.—(f) Antonio Rodríguez, abogado del demandado.

"Notificado con copia de este escrito de apelación y de la fianza hoy 12 de mayo de 1931.——— Abogado del demandante.

"Radicado este documento hoy 12 de mayo de 1931. (f) A. Ramírez, Jr., Secretario, Corte Distrito, Humacao, P. R."

Archivado, la corte fijó la fianza correspondiente y la apelación fué tramitada.

La parte apelante admite que el escrito de apelación no fué debidamente redactado y que la resolución del 13 de abril no es apelable, pero sostiene que habiéndose archivado después de registrada la sentencia y dentro del término de ley y habiéndose actuado por la corte sobre él como si realmente dijera que se apelaba de la sentencia, lo que fué en verdad el propósito del apelante, el error cometido no es de tal manera fundamental que produzca como consecuencia inevitable la desestimación del recurso. Invoca el caso de *Roig Commercial Bank* v. *Lugo Viña,* 34 D.P.R. 156, en el que esta corte dijo:

"En efecto, el escrito de apelación archivado no se ajusta a la práctica seguida en Puerto Rico que es la recomendada en todos los formularios que hemos consultado y la que está en armonía con el texto inglés del artículo 296 del Código de Enjuiciamiento Civil. (Comp. 1911, p. 865). En vez de archivarse una notificación al Secretario de la Corte y al abogado de la parte contraria, se presentó un escrito titulado 'Moción de Apelación'. El escrito en forma de notificación es importante porque llama directamente la atención al funcionario y a la otra parte sobre la materia. Sin embargo, como de la 'moción' a que nos hemos referido aparece sin lugar a dudas de ningún género que la apelación se interpuso, no creemos que la forma irregular del escrito, por sí sola, deba dar motivo a la desestimación del recurso."

Como puede verse por la misma cita, el caso de Roig Commercial Bank era muy distinto. Se trataba simplemente del nombre dado al escrito. Si ése sólo fuera el error aquí cometido, es claro que la desestimación no sería decretada.

Pero aquí hay más. No es sólo la fecha del escrito, que en verdad no tendría importancia y cedería a la de la notificación; son los términos inequívocos en que está redactado

los que impiden el ejercicio de nuestra discreción. Expresamente se dice que "no conforme con *la resolución recaída en la moción para que se oiga la prueba* de la parte demandada, vista el 13 del corriente mes y año, *apela de la misma* para ante la Hon. Corte Suprema." (Itálicas nuestras.) En ninguna parte se menciona la sentencia de 7 de mayo siguiente.

No habiéndose, pues, apelado de la sentencia y no siendo apelable la resolución de 13 de abril de 1931, *debe declararse con lugar la moción del apelado y en su consecuencia desestimarse el recurso.*