RAFAEL MALDONADO, demandante y apelado, *v.* JUAN VÁZQUEZ demandado y apelante.

No. 5306.—*Sometido:* Marzo 6, 1931. *Resuelto:* Abril 8, 1932.

*Luis F. Camacho,* abogado del apelante; *José F. Fernández Segarra,* abogado del apelado.

El Juez Asociado Señor Hutchison, emitió la opinión del tribunal.

El demandante en una acción de daños y perjuicios apeló de la sentencia dictada por la corte municipal. En la corte de distrito el demandado solicitó la desestimación del recurso. Su moción fué declarada sin lugar y después de celebrarse un juicio sobre los méritos del caso, se dictó sentencia en favor del demandante. El demandado apela de esta sentencia y señala como error el haberse declarado sin lugar su moción.

El primero de los seis fundamentos en que el demandado basó su moción fué que el escrito de apelación no había sido dirigido al secretario de la corte municipal ni al abogado del demandado. El escrito fué archivado con el secretario y dirigido a la corte municipal. Una copia del mismo fué notificada por correo al abogado del demandado. El dejar de seguir literalmente la forma prescrita por el estatuto no era un defecto fatal. *Roig Commercial Bank* v. *Sucesión Lugo*, 34 D.P.R. 155.

Otro motivo era que el escrito de apelación no especificaba la fecha de la sentencia. Esta fué dictada por la corte municipal el 22 de agosto. El escrito de apelación fué archivado el 28 del mismo mes. Éste especifica la sentencia dictada por la corte municipal en el "caso de epígrafe". La sentencia dictada en 22 de agosto fué la única emitida por la corte municipal en dicha causa. El escrito de apelación identificó suficientemente esa sentencia. *Calcerrada* v. *Am. Railroad Co.*, 36 D.P.R. 720.

Otro fundamento era que la transcripción había sido certificada por el secretario, sin solicitarse previamente que los abogados la certificaran y sin demostrarse que el abogado de la demandada se hubiese negado a certificar la misma o que hubiera habido un desacuerdo entre los abogados. La cuestión que aquí se trata de suscitar, según se discute en el alegato del apelante no requiere seria consideración. El mero hecho de que la corte de distrito se negara a desesti-

mar la apelación, no obstante la supuesta ausencia de una demostración suficiente de la necesidad de un certificado librado por el secretario en vez de por las partes o sus abogados, no es suficiente para justificar la revocación de la sentencia sobre sus méritos.

■ Otros motivos eran que el *affidavit* de notificación del escrito de apelación no decía en qué oficina de correos se había depositado el sobre que contenía el escrito, que no había prueba de notificación por correo de copia de la transcripción de los autos en apelación y que tampoco había prueba de notificación por correo del escrito de apelación. El demandado admite que estas omisiones fueron subsanadas por el demandante después de radicada la moción, pero insiste en que no puede presentarse prueba de la notificación ni subsanarse los defectos en ella cometidos después de radicarse una moción para desestimar el recurso. Cita el caso de *Ríos* v. *Ríos,* 15 D.P.R. 263. No hallamos en dicho caso ninguna base satisfactoria para la teoría del demandado. Entre los casos más recientes que resuelven que puede presentarse prueba de la notificación en respuesta a una moción para desestimar aparecen los de *A. Alvarez & Hnos.* v. *Victoria R. de Álamo,* 36 D.P.R. 54, y *Rivera* v. *Reyes* 32 D.P.R. 961.

El juez de distrito no cometió error al declarar sin lugar la moción para desestimar el recurso de apelación interpuesto contra la sentencia dictada por la corte municipal.

■ El demandado solicitó en la corte de distrito que se eliminaran ciertas palabras de "la segunda alegación de la demanda". Bastaría decir que en el momento de radicarse esta moción la demanda había sido enmendada y la segunda alegación de la demanda enmendada no contenía la palabras citadas en la moción. Empero, la tercera alegación de la demanda enmendada lee como sigue:

"Que el automóvil 'truck' de carga, marca Graham Brothers, motor No. 1096–555, que el día 17 de mayo del corriente año, fecha en que incurrió (sic) el accidente que se relatará más adelante, y

en el cual se ocasionaron daños y perjuicios a propiedad del demandante, llevó las tablillas No. H–385 y ahora tiene las No. C–625, era en dicho día 17 de mayo de 1928, y antes y después de esa fecha, propiedad del referido demandado Juan Vázquez, cual así consta registrado en el Departamento del Interior de Puerto Rico, 'División de Automóviles'.''

El fin claro de esta alegación fué identificar el autocamión como de la propiedad del demandado. Carece de importancia el hecho de si las palabras ''y en el cual se ocasionaron daños y perjuicios a propiedad del demandante'' alegan o no una conclusión de derecho, según sostiene el apelante. La eliminación de la frase no pudo haber afectado el resultado en la corte inferior y ningún derecho substancial del demandado fué perjudicado al declararse sin lugar la moción.

■ En la misma moción el demandado solicitó que se eliminara de la demanda la segunda causa de acción. La moción misma no es muy inteligible sobre este aspecto. No aparece si el significado peculiar de su fraseología fué explicado o no al juez de distrito antes de que éste emitiera su resolución. En la segunda causa de acción se reclamaban daños y perjuicios a razón de $5 diarios durante el período de treinta días por la pérdida de lo que el demandante pudo haber ganado mediante el uso o arrendamiento de su automóvil, vehículo público, que había sido averiado o destruído en una colisión con el autocamión del demandado. El juez de distrito llegó a la conclusión de que no había prueba para sostener esta reclamación ni nada en qué basar la concesión de daños y perjuicios de conformidad con la misma. El error, de haberse cometido, al declarar sin lugar la moción para eliminar la segunda causa de acción del demandante, fué en su consecuencia inofensivo.

■ En marzo de 1929 el demandado excepcionó la demanda por falta de hechos suficientes para determinar una causa de acción. En mayo el demandado dejó de comparecer el día señalado para la vista y la excepción fué decla-

rada sin lugar *pro forma.* La objeción nunca fué suscitada de nuevo, aunque el caso no fué juzgado hasta el mes de octubre. El juez de distrito nunca fué informado respecto a la omisión específica de que ahora se queja el apelante, o sea la omisión de alegar que el conductor del autocamión del demandado actuara dentro de las atribuciones de su empleo.

En la tercera alegación, *supra,* el demandante dijo que el demandado era dueño del camión. En la cuarta, manifiesta que al tiempo del accidente Toribio Martínez, empleado del demandado, conducía el autocamión de este último.

Si el demandado hubiese indicado a la corte de distrito la omisión específica de que ahora se queja, y si el juez de distrito hubiese sostenido la excepción, el demandante hubiese tenido la oportunidad de enmendar su demanda enmendada. El defecto no era notorio. En ausencia del demandado el día señalado para la vista, no incumbía al juez de distrito escudriñar la demanda. Puede ser o no una inferencia lógica de la fraseología de la cuarta alegación que el empleado del demandado a cargo del autocamión en el momento del accidente actuaba dentro de las atribuciones de su empleo.

Habría campo para argumentación respecto hasta qué extremo esta alegación debe ser considerada como una alegación defectuosa más bien que como la omisión de un hecho esencial de la causa de acción del demandante. Estas cuestiones no han sido discutidas en el alegato del apelante. Sin perjuicio de considerar la cuestión con más amplitud en futuros casos, resolvemos que cualquier error técnico al declarar sin lugar la excepción previa no es motivo suficiente para que se revoque la sentencia.

Cuanto hemos dicho en relación con haber desestimado la moción para eliminar la segunda causa de acción resuelve la contención de que el juez de distrito cometió error al permitir cierta pregunta relativa a los fines para los cuales había sido usado el automóvil del demandante.

■ Otra contención es que la corte de distrito cometió error al admitir como prueba un certificado librado por el Sub-Comisionado del Interior sin identificar debidamente su firma. La teoría del apelante es que la corte de distrito no podía tomar conocimiento judicial de la firma de un sub-comisionado. El apelante no cita ninguna página o parte del récord en relación con esta contención. El alegato del apelante por sí mismo es contradictorio respecto a lo sucedido en la corte de distrito. De conformidad con la parte de la transcripción taquigráfica citada por el apelado, el demandado se opuso por otros motivos al tiempo en que el documento fué ofrecido como prueba. Nada se dijo en aquel momento respecto a haberse dejado de identificar la firma del sub-comisionado. La cuestión de conocimiento judicial o falta de conocimiento judicial, parece haber sido una idea surgida con posterioridad. La objeción de que la firma no fué debidamente identificada se suscita demasiado tarde al plantearse por primera vez en apelación.

■ Nos inclinamos a convenir con el apelante en que el juez de distrito cometió error al permitir ciertas preguntas sugestivas con la objeción del demandado, pero esto sin más no es suficiente para revocar la sentencia.

El séptimo y último señalamiento es que la corte de distrito cometió error al dictar sentencia por la suma de $400 por concepto de daños y perjuicios. La súplica de la demanda era por $407. De esta suma se reclamaban $150 como compensación por la pérdida de las utilidades que hubiesen sido derivadas del uso del vehículo. Conforme ya hemos indicado el juez de distrito llegó a la conclusión de que no había prueba para sostener tal concesión. El apelado admite que la cuantía de la sentencia debe ser reducida a $257.

*Debe modificarse de conformidad la sentencia apelada y confirmarse así modificada.*

El Juez Asociado Señor Wolf no intervino.