Agapito Díaz, demandante y apelado, *v.* Victoriana Ramos y
Anastacio Olivero, demandados y apelantes.

Núm. 7673.—*Sometido:* Enero 17, 1938. *Resuelto:* Enero 25, 1938.

L. *Santiago Carmona,* abogado de los apelantes; *Dubón & Ochoteco,*
abogados del apelado.

El Juez Asociado Señor Travieso emitió la opinión del tri-
bunal.

En 24 de junio de 1937 esta Corte Suprema confirmó la
sentencia dictada por la Corte de Distrito de Bayamón en el
caso de *Agapito Díaz* v. *Victoriana Ramos et al.,* declarando
con lugar el desahucio (51 D.P.R. 822). La corte inferior
aprobó el memorándum de costas del demandante, por la suma
de $262.20. Los demandados apelaron.

El demandante apelado solicita ahora la desestimación del
recurso por el fundamento de que en el "Certificado de Noti-
ficación por Correo," que aparece al pie del escrito de apela-
ción, no se ha hecho constar que se pagó franqueo alguno por

los apelantes o por su abogado, por el envío de la copia del escrito de apelación, según lo requiere el Artículo 296 del Código de Enjuiciamiento Civil.

■■ El certificado en cuestión dice así:

"Certificado de Notificación por Correo.—Certifico: Que con esta fecha, 20 de diciembre del año 1937, remití por correo, desde la oficina de correos de Bayamón, una copia en carbón, fiel y exacta del presente escrito de apelación, o del precedente escrito de apelación, a los abogados del demandante Dubón y Ochoteco, dirigido dicho pliego al Ledo. Félix Ochoteco, abogado de récord de este caso. Y afirmo que, entre Bayamón, donde yo resido y la ciudad de San Juan, Edificio Ochoa, a donde dicho pliego iba dirigido, existe un servicio regular y diario de correo. Bayamón, P. R., a 20 de diciembre del año 1937. (Fdo.) L. Santiago Carmona, abogado de los demandados."

En su oposición a que se desestime el recurso, el apelante admite que es cierto que en el certificado de notificación no se hizo constar que el pliego depositado en el correo llevaba el franqueo correspondiente, pero alega que el hecho es que el pliego conteniendo la notificación fué depositado y certificado en el correo de Bayamón, pagando el correspondiente franqueo y exigiéndose recibo; y que dicho pliego fué recibido y el recibo firmado por "Dubón & Ochoteco," firma de la que forma parte el abogado Félix Ochoteco, a quien iba dirigido el sobre, como abogado de la demandante. Y en apoyo de esas manifestaciones, hechas bajo juramento, el apelante presenta una tarjeta del correo que dice:

"Post Office Department.—Official Business. Registered Article. —No. 511.—Return to Ledo. L. Santiago Carmona.—Box 364, Post Office at Bayamón, State, P. R.

"Return Receipt. Received from the Postmaster the Registered or Insured Article, the original number of which appears on the face of this card. (Signed) Dubón & Ochoteco. Date of delivery, 12/21/37."

La parte apelada no ha negado en ningún momento haber recibido la notificación del escrito de apelación. Descansa su moción en el admitido defecto del Certificado de Notificación por correo arriba transcrito y cita en su apoyo las resoluciones de esta corte en *Roig Commercial Bank* v. *Sucesión Lugo,* 34 D.P.R. 155, y *Fontánez* v. *Sucesión Buxó,* 34 D.P.R. 709.

Arguye el apelante que habiéndose acreditado con el recibo suscrito por Dubón & Ochoteco que la notificación del escrito de apelación llegó a su destino, es aplicable la jurisprudencia sentada por esta Corte Suprema en *Rondón* v. *Mollfulleda,* 16 D.P.R. 171, *Bravo* v. *Martínez Hermanos,* 31 D.P.R. 483, *Muñoz* v. *Santana,* 34 D.P.R. 341, y *A. Alvarez & Hnos.* v. *Alamo,* 36 D.P.R. 54, en cuyos casos se sostuvo que el hecho de no aparecer del récord que el escrito de apelación fué notificado al apelado o a su abogado no es motivo para desestimar el recurso cuando aportada prueba *aliunde* sobre tal notificación, dicha prueba es suficiente para concluir que la notificación fué hecha.

En los casos citados por el apelado (34 D.P.R. 155 y 34 D.P.R. 709, la parte apelante no ofreció prueba alguna para subsanar el defecto en el certificado de notificación por correo y acreditar que la notificación había sido hecha. En el presente caso, la prueba ofrecida por la parte apelante y no impugnada por el apelado es, a nuestro juicio, suficiente para establecer el hecho de que la parte apelada fué debidamente notificada con copia del escrito de apelación. Y ése es el hecho esencial para que esta Corte adquiera jurisdicción.

*La moción de desestimación debe ser declarada sin lugar.*

El Juez Asociado Señor Córdova Dávila no intervino.