BATTISTINI & MARTÍNEZ, demandante y apelada, *v.* LUISA FELICIANO, demandada y apelante.

No. 6160.—*Sometido:* Junio 8, 1933. *Resuelto:* Julio 13, 1934.

*L. Tormes García*, abogado de la apelante; *F. Otero Rivera*, abogado de la apelada.

El Juez Asociado Señor Córdova Dávila, emitió la opinión del tribunal.

Battistini & Martínez, por conducto de su socio gestor Antonio Battistini, ejercita esta acción de desahucio en precario contra Luisa Feliciano, alegando que es dueña de un predio rústico de seis cuerdas de terreno donde la demandada tiene edificada una casa pequeña de madera, y que ha solicitado de la referida demandada que desocupe y deje a la libre disposición de la demandante la finca mencionada y que a la vez levante la casita que tiene edificada.

La demandada niega los hechos contenidos en la demanda y como defensa especial alega que es dueña absoluta de una casa de maderas, que está enclavada en el barrio Duey, de Yauco, en terreno de su propiedad y no en terreno perteneciente a la parte demandante. Arguye que bajo estas circunstancias existe un conflicto de título entre las partes, que no puede ventilarse en el procedimiento sumario de desahucio. También alega Luisa Feliciano que la demanda no aduce hechos suficientes para determinar una causa de acción. Como cuestión previa nos anticipamos a declarar que a nuestro juicio las alegaciones establecidas por la demandante sostienen la causa de acción ejercitada.

En la súplica de la demanda se pide que la demandada deje a la libre disposición de la demandante el predio de terreno que ocupa y el solar donde tiene enclavada la casita, y que si así no lo verifica, se proceda al lanzamiento de la demandada, sus familiares, criados y cualquier otra persona que ocupe el terreno por cuenta de la misma.

De las alegaciones y de la prueba resulta que la demandada no solamente ocupa la casa, sino que también está detentando el predio rústico en toda su integridad, contra la voluntad de la parte demandante. El testigo Antonio J. Battistini, gestor de la parte actora, declara que no ha podido tomar posesión de la finca desde que fué adquirida, porque

se opone a ello Luisa Feliciano, a quien ha requerido para que deje esa finca a su disposición, habiéndose negado a desocuparla. En cuanto al título del terreno, no hay discusión alguna. La evidencia aportada por la parte demandante para probar sus alegaciones está en pie, porque la demandada no ha presentado prueba alguna para rebatirla. Es más, los autos demuestran que la demandada admite que la casa no está enclavada en terreno de su propiedad.

Terminada la prueba de la demandante, la demandada presentó una moción de *nonsuit*, basándose en la existencia de un conflicto de título entre las partes, "pues aunque la casa es un accesorio del terreno, nuestro Código Civil reconoce al que fabrica en suelo ajeno el derecho de no ser privado de su propiedad sin la correspondiente indemnización si fabricó de buena fe, cuestiones éstas que no pueden ser resueltas en un juicio sumario como el de desahucio." También dice la demandada por conducto de su abogado que es a la demandante a quien toca probar y plantear todas las cuestiones controvertidas y que "aquí no se ha traído prueba alguna para demostrar que ese terreno fuese alguna vez de ella"—significando a la demandada. Como se ve, el abogado de la demandada sostuvo ante la corte que no se ofreció evidencia alguna para probar que su representada fuese dueña de la finca. En su alegato el referido abogado va aun más lejos, pues sostiene que "de las pruebas todas resulta comprobado que la demandante es dueña del predio de terreno a que se refiere la alegación segunda de la demanda en virtud de actuaciones en ciertos procedimientos sobre compraventa judicial llevados a cabo en la Corte Municipal de Yauco." De manera que aquí, de acuerdo con la prueba, Luisa Feliciano está ocupando un terreno que no es suyo y además una casa cuya propiedad no puede discutírsele, porque está admitido por las alegaciones de la demanda y por el testimonio de la propia parte demandante. Sin embargo, ni de las alegaciones

ni de la prueba surge claramente el propósito de la deman-
dante de lanzar a la demandada de la casa que ocupa. En la
súplica se pide que terreno y solar se dejen a la libre dispo-
sición de la demandante, y se pide el lanzamiento de la de-
mandada o de otra persona que ocupe el terreno.

El gestor de la demandante, Antonio Battistini, nos dice
que en cuanto al terreno no hay litigio y que por eso se soli-
citó una sentencia en los términos de la contestación (*sic*),
esto es, que se declare con lugar el desahucio en cuanto al
predio de terreno. La intención de la demandante parece
revelarse en las siguientes manifestaciones que copiamos de
la transcripción de evidencia:

"Dte. Brevemente voy a exponer una cuestión que yo había tra-
tado con el compañero Tormes, y voy a plantearla a ver si el repre-
sentante de Tormes puede allanarse a la cuestión.

"La demanda es por el desahucio de un predio de terreno de 6
cuerdas, en el barrio Duey del Municipio de Yauco, de acuerdo con
los términos de la demanda, el hecho segundo de la demanda. S.
S. puede ver la contestación a la demanda. La alegación segunda
niega todos y cada uno de los hechos de la demanda. Y luego hay
unas defensas especiales. 'Como defensas especiales y separadas, alega
la demandada: 1. Que la misma es dueña absoluta de una casa de
maderas, terrera, techada de zinc, que está enclavada en el barrio
Duey de Yauco, independiente dicha casa de cualquier terreno, y
dicha casa está enclavada en terreno perteneciente a esta demandada,
pero nunca en terreno perteneciente a la parte demandante.' De
modo que la demandada en su contestación—estoy haciendo esto para
ver si en dos minutos podemos acabar este caso—no ha negado la
propiedad que tiene la demandante, pero nos alega que ella es dueña
de una casita que está en terreno independiente. Nosotros, como un
medio de transacción con el compañero Tormes, habíamos convenido
en respetar la casa y que el desahucio se entendiera en cuanto al
terreno. Por cuanto en la contestación ella dice que es dueña de
una casa, no establece conflicto de título. Si el compañero no se
opone, podría la Corte darnos una sentencia en cuanto al predio de
terreno.

"Juez: Pero éste es un caso en que la demanda acepta que Battistini & Martínez es dueña del terreno, y la casa es de la demandada. Esto cae quizá dentro del caso del Rosario. Aquí no hay cuestión. Aquí se sabe, y por la misma demanda se dice, que el terreno es de Battistini & Martínez, y la casa, de ella. Y lo que se pide es que se saque la casa de allí.

"Dte. No, señor. Nosotros solicitamos una sentencia de acuerdo con los términos de la contestación, es decir, que la casa es de ella, pero ella debe dejar expedito el terreno.

"Juez: Que la saque.

"Dte. No. Ella alega y nosotros admitimos. . . S. Sa. tiene a la mano la contestación. Nosotros admitimos eso. Dice: 'Que la misma es dueña absoluta de una casa de maderas, terrera, techada de zinc, que está enclavada en el barrio Duey de Yauco, independiente dicha casa de cualquier terreno, y dicha casa está enclavada en terreno perteneciente a esta demandada, pero nunca en terreno perteneciente a la parte demandante.' De manera que la única cuestión es si ella debe dejar a la libre disposición de la demandante el terreno objeto de este litigio, si la Corte debe dictar la sentencia en ese sentido de dejar a ella en el goce absoluto de la casa que alega es de ella y el terreno a la libre disposición de la demandante."

No hay duda alguna de que la parte demandante tiene derecho a la posesión del terreno ocupado por la demandada, y es claro que debe disponer de algún medio para hacer efectivo este derecho. La corte no puede negarse a decretar un desahucio que solicita la dueña legítima del predio de terreno según la prueba y las admisiones de la propia demandada, quien lo está detentando sin título alguno para ello; pero teniendo en cuenta la actitud de la mercantil demandante en cuanto a la casa, que se define y aclara al responder a las observaciones del juez de la corte inferior, es de asumirse que dicha demandante, considerándose moralmente obligada, permitirá que la demandada continúe ocupando la casa enclavada en dicho predio, cuando menos por un período de tiempo razonable.

*Debe confirmarse la sentencia apelada.*

OPINIÓN DISIDENTE DEL JUEZ PRESIDENTE SEÑOR DEL TORO

El 24 de febrero de 1931 Battistini y Martínez, una sociedad mercantil establecida en Yauco, Puerto Rico, interpuso en la Corte de Distrito de Ponce por medio de su abogado una demanda sobre desahucio en precario dirigida contra Luisa Feliciano. Dicha demanda, en lo pertinente, es como sigue:

"La mercantil demandante es dueña de un predio de terreno que se describe así:

" 'RÚSTICA, predio de terreno de seis cuerdas más o menos destinadas a café y pasto, radicada en el barrio Duey del término Municipal de Yauco, P. R., y colinda por el Norte y Este con terrenos de V. Caraballo; por el Sur con María Irizarry, por el Oeste con Miguel Franqui, antes, hoy José Vicario.'

"En el predio de terreno descrito la demandada tiene edificada una casa pequeña de maderas.

"III. La mercantil demandante ha solicitado de la demandada Luisa Feliciano que desocupe y deje a la libre disposición de la demandante el predio de terreno que se ha descrito en el párrafo segundo de esta demanda, y que a la vez levante la casita que tiene edificada; y la demandante desde el día veinte y tres de enero de 1931 ha requerido y ha seguido requiriendo a la demandada para que desocupe dicho predio de terreno y levante la casa en el mismo edificada, en lo que ella no paga canon ni merced alguna, causando a la mercantil demandante perjuicios con su temeraria resolución."

Se señaló la primera comparecencia para marzo 6, 1931, y como la demandada no compareciera, se dictó sentencia en su contra. Pasaron más de seis meses y en agosto 24, 1931, la demandante pidió que se ordenara la ejecución de la sentencia. La corte accedió verificándose se dice el lanzamiento, aunque sin expresarse en qué forma, en agosto 26, 1931.

Así las cosas, el 2 de septiembre, 1931, la demandante manifestó bajo juramento a la corte que la demandada después de lanzada había vuelto a ocupar la finca y la corte señaló el 11 del propio mes para que la demandada compareciera a mostrar causa. Compareció en efecto personalmente y manifestó que no había sido emplazada. de la de-

manda de desahucio. La corte le concedió diez días para que buscase un abogado y presentara una moción para abrir el caso de nuevo.

La moción fué presentada y la corte, después de oír la evidencia testifical de ambas partes en relación con la misma, en octubre 21, 1931, dejó sin efecto la sentencia y ordenó que quedara en récord la contestación de la demandada y continuara tramitándose el pleito de acuerdo con la ley. Dice la contestación, en lo pertinente, así:

"PRIMERO.—EXCEPCIÓN PREVIA.—Que la demanda en este caso no aduce hechos bastantes constitutivos de una buena y justa causa de acción a favor de la parte demandante.

"SEGUNDO.—CONTESTACIÓN.—La demandada niega todos y cada uno de los hechos contenidos en la demanda.

"DEFENSAS ESPECIALES.—Como defensas especiales y separadas, alega la demandada:

"1. Que la misma es dueña absoluta de una casa de maderas, terrera, techada de zinc, que está enclavada en el barrio Duey de Yauco, independiente dicha casa de cualquier terreno, y dicha casa está enclavada en terreno perteneciente a esta demandada, pero nunca en terreno perteneciente a la parte demandante.

"2. Que bajo estas circunstancias, existe un conflicto de títulos entre la parte demandante y la parte demandada que no puede ventilarse en el procedimiento sumario de desahucio."

Ambas partes comparecieron en octubre 30, 1931, y ofrecieron su prueba. La vista del caso, o sea, la segunda comparecencia, no se celebró hasta febrero 16 de 1932, por estipulación de las partes. El abogado que presentó a la demandada en el acto de la vista no fué el mismo que actuó como tal en la primera comparecencia y por los incidentes que ocurrieron puede deducirse que no estaba bien familiarizado con los antecedentes del caso.

La corte de distrito dictó sentencia dos días después en contra de la demandada. Estudiando la relación del caso y opinión en que se basa la sentencia se observa que la atención de la corte estuvo fija en si debía aplicarse o no para resolver el caso la jurisprudencia de esta Corte Suprema

establecida en el de *Nuestra Señora del Rosario* v. *Collazo,*
41 D.P.R. 596.

Si ésa fuera la única cuestión envuelta, probablemente
procedería la confirmación de la sentencia recurrida, pero
analizando detenidamente el caso nos hemos encontrado con
que la evidencia documental ofrecida por la demandante en
la primera comparecencia para probar su dominio sobre la
finca en cuestión fué admitida con la objeción de la deman-
dada y es en verdad insuficiente, no siendo tampoco bastante
la testifical aportada luego en el acto de la vista. Y si ello
es así, el caso cae por su base y debe revocarse la sentencia.

Examinemos la cuestión. Conocemos la demanda. Aunque
confusa, creemos que aduce hechos suficientes para determinar
la causa de acción ejercitada, la de desahucio en precario.
Conocemos de igual modo la contestación. Confusa es tam-
bién, pero hay que convenir en que niega que la demandante
es dueña de la finca de que se trata y alega de modo positivo
que la demandada es dueña no sólo de la casita en que vive
si que además del terreno en que está enclavada.

Planteado el debate de ese modo, estaban obligados los
demandantes a probar que eran dueños del terreno. Para
ello presentaron la siguiente evidencia documental:

Una certificación del acta de la subasta en el pleito seguido
en la Corte Municipal de Yauco por Isaac Román contra
José María López y Luisa Feliciano, en cobro de dinero, de
la cual resulta que la finca de que aquí se trata fué adjudicada
en pública subasta en ejecución de la sentencia dictada en
dicho pleito, al demandante Román por la cantidad de $300
reclamada, debido al hecho de no concurrir ningún otro
postor.

Otra copia certificada de la escritura otorgada por el
márshal de la Corte Municipal de Yauco a favor de la deman-
dante en la cual se hace constar que dicho márshal recibió
un mandamiento para ejecutar la sentencia dictada por la
Corte Municipal de Yauco en el pleito seguido por la deman-
dante contra Isaac Román en cobro de $84.47; que para ello

embargó cierta finca, que es la misma que es objeto del desahucio; que anunció la subasta de la finca embargada y no habiendo concurrido otros postores la adjudicó a Battistini y Martínez en pago de su crédito, y en tal virtud, dice entonces textualmente la escritura:

"El Márshal compareciente y en su carácter de tal Márshal de la Corte Municipal del Distrito Judicial Municipal de Yauco, y asumiendo en derecho la representación del demandado Isaac Román, trasmite a la entidad comercial Battistini y Martínez, a título de venta judicial, todo el derecho, título e interés del referido demandado en el predio de terreno que se ha descrito por la suma de ochenta y cuatro dollars cuarenta y siete centavos con abono a la reclamación que se especifica en el mandamiento u orden de ejecución, . . ."

Y por último, en el acto de la vista, la declaración de Antonio J. Battistini, socio gestor de la demandante que, en lo pertinente, dice:

Adquirieron la finca en una decisión de la Corte de Yauco que se nos adjudicó, según escritura. . . . Son dueños actualmente. No han podido disfrutarla hasta la fecha. Se lo ha impedido Luisa Feliciano. No han podido tomar posesión. Luisa Feliciano habita la casita que es de ella en la finca. Cuando nosotros adquirimos el terreno ese, ya estaba la casa. Aparecía como dueño Isaac Román, contra quien seguimos un pleito. Isaac Román adquirió de José María López y Luisa Feliciano, en un pleito fallado a su favor. La casa es de la señora. Estaba en la propiedad cuando compré. Ella ha vivido en la casa desde que nosotros obtuvimos el terreno. Es un obstáculo para la venta de la finca, o trabajar en ella. La señora tiene muy malos antecedentes. Me perdona que hable en ausencia de ella. Nadie se hará cargo de la finca estando ella allí. La casa de ella vale cinco pesos. Un ranchito. Es una casa vieja. Yo supongo que la señora la fabricó allí desde que la finca fué de ella. Después de la señora pasó la finca a Isaac Román en virtud de un pleito. Ella ha estado viviendo la casa a pesar de habérsele adjudicado a Isaac. Nunca se ha mudado.

Dijimos que esa prueba era insuficiente y creemos que basta la mera exposición de la misma para demostrar lo acertado de nuestra conclusión.

Se admite que la demandada era dueña de la finca. Se admite que era y es dueña de la casita que está en la finca. Y se admite que está actualmente en posesión de la finca y que jamás se mudó de la casa en ella enclavada.

Para probar que la demandada perdió su derecho al dominio de la finca se presentan la escritura y el acta de subasta que conocemos, documentos cuya admisión fué impugnada porque no determinaban por sí mismos que la corte municipal había actuado con jurisdicción.

Battistini y Martínez no adquirieron la finca de Luisa Feliciano. Si algo adquirieron es lo que pudo adquirir Isaac Román.

No se demostró que Román tomara posesión material de la finca. Al contrario, de la declaración del propio gestor de la sociedad demandante en este pleito de desahucio se desprende que jamás llegó a tomar posesión.

Por las referencias que contiene la escritura del Márshal a Battistini y Martínez no se viene en conocimiento exacto de cómo adquirió jurisdicción la corte sobre Román y de cómo se practicó el embargo. La finca no está inscrita en el Registro de la Propiedad.

Pero aun aceptando que dicha escritura fuera por sí sola prueba suficiente de la trasmisión del título de Román, era necesario probar el título de éste ya que no es a él a quien se intenta desahuciar sino a Luisa Feliciano, la anterior dueña que sigue en la posesión material de la finca.

¿Cómo adquirió Román de Luisa Feliciano? La única evidencia aportada es la copia del acta de la subasta.

Nada sabemos con respecto a cómo adquirió jurisdicción la corte municipal sobre la persona de Luisa Feliciano y a cómo se dictó la sentencia y sobre todo no consta que el márshal otorgara escritura a favor de Román a nombre de Luisa Feliciano.

A la fecha en que los hechos ocurrieron estaba como está aún en vigor la ley de 9 de marzo de 1905 que derogó los artículos 259 a 266 del Código de Enjuiciamiento Civil y que dispuso en su artículo 5:

"En los casos en que se venda en pública subasta por el márshal u otro funcionario debidamente autorizado una propiedad inmueble en virtud de ejecución u orden de venta librada por una corte de justicia, deberá dicho márshal o funcionario otorgarle al comprador escritura pública en debida forma de tal propiedad abonando dicho comprador el importe de tal escritura." Código de Enjuiciamiento Civil, Ed. 1933, p. 120.

Y se ha decidido que:

"La entrega y aceptación de la escritura otorgada por el márshal son esenciales para su validez. El título del terreno continúa en el deudor hasta que la escritura sea entregada al comprador.    .    .    .

"Aunque para muchos fines el título del adquirente de terrenos en una subasta está tan bien protegido antes como después de recibirse la escritura otorgada por el márshal, el título legal no pasa al comprador hasta que se entrega la escritura." 10 R.C.L. 1358, 1359.

No habiendo demostrado la demandante en debida forma que es dueña de la finca en cuestión, no ha evidenciado derecho alguno al desahucio y en tal virtud debe revocarse la sentencia recurrida y en su lugar dictarse otra declarando sin lugar la demanda, con costas, incluyendo honorarios de abogado por una suma que no exceda de cincuenta dólares.

El Juez Asociado Sr. Hutchison está conforme con este disentimiento.