AGAPITO DÍAZ, demandante y apelado, *v.* VICTORIANA RAMOS y ANASTACIO OLIVERO, demandados y apelantes.

Núm. 6993.—*Sometido:* Abril 24, 1936. *Resuelto:* Junio 24, 1937.

*L. Santiago Carmona,* abogado de los apelantes; *Dubón & Ochoteco,* abogados del apelado.

Opinión del Juez Asociado Señor Wolf, con la cual Con-
cuerre el Juez Asociado Señor Travieso.

■ Uno de los jueces de esta corte se encuentra en la actualidad fuera de la Isla. De los cuatro jueces restantes dos están a favor de la confirmación de la sentencia y los otros en favor de la revocación. Por tanto, la sentencia de la corte inferior debe prevalecer. *Saldaña* v. *Concejo Municipal,* 15 D.P.R. 37.

En este caso nos negamos a desestimar una apelación por haber dejado el alegato de los apelantes de cumplir con las reglas de este tribunal. Tampoco hallamos que la apelación fuera claramente frívola. Aunque el alegato no contenía un señalamiento de errores, los apelantes hasta ahora no han corregido el mismo. Discutiremos tan sólo los puntos esenciales envueltos.

■ Convenimos con el apelado en que cuando una demanda demuestra el título del demandante, la descripción de la propiedad y la naturaleza precaria de la tenencia del demandado, se ha presentado prima facie una causa de acción de desahucio.

■ El señalamiento de error principal es que los hechos admitidos revelan un conflicto de títulos. Es incuestionable que el predecesor en título del demandante otorgó escritura a favor de la demandada Ramos de una casa ubicada en el terreno de que ahora es dueño y reclama el demandante. Esa escritura nunca fué inscrita en el registro. Por lo menos nada hay en los autos que demuestre lo contrario. Dicho predecesor vendió entonces todo el terreno al demandante. Este último inscribió su título en el registro de la propiedad. Las dos escrituras son claras. Una de ellas era un traspaso directo de todo el terreno y la otra describía claramente tan sólo la casa.

Es enteramente claro que cuando existe una doble venta de bienes inmuebles la persona que primero inscribe la escritura tiene derecho a ser preferida, y su título, por regla

general, es el que prevalece. Artículo 1362 del Código Civil (ed. 1930). Si esto es cierto en lo atinente a dos escrituras de una misma finca en su totalidad, también tiene necesariamente que serlo cuando el primer adquirente obtiene, quizá no el título de todo el terreno, sino únicamente el de una casa enclavada en el mismo. No es éste el caso de un demandado que estando en posesión de terreno construye en él una casa.

La demandada Ramos alegó que el demandante tenía conocimiento de la escritura hecha a su favor por el transmitente del demandante. En este recurso no trataremos de discutir si tal conocimiento impediría al demandante obtener sentencia a su favor, toda vez que durante el juicio no se adujo prueba tendente a demostrar que el demandante tenía tal conocimiento. Él sólo admitió que la demandada era dueña de la casa. Podría dársele alguna consideración en equidad al hecho de que la demandada es dueña de la casa, conforme hizo la corte inferior, pero ese dominio no debía impedir el éxito de un procedimiento para obtener posesión de toda la propiedad.

El apelado cita el caso de *Battistini & Martínez* v. *Feliciano*, 47 D.P.R. 208. Este caso, a juicio del suscribiente, tiene alguna aplicación. La sentencia fué dictada por una corte dividida, pero los hechos a favor de la demandada eran totalmente distintos, toda vez que ella había sido la dueña anterior de la finca y se le había permitido continuar en posesión del terreno y de una casa en él situada. No se demostró que se hubieran hecho dos ventas independientes, conforme ocurre en el presente caso.

Convenimos con el apelado en que contra la inscripción de la venta de un terreno, una enajenación anterior del mismo no inscrita, no plantea conflicto alguno de título, especialmente cuando por la enajenación no inscrita tan sólo se transfiere claramente una casa. Como la situación legal se crea por el mandato expreso legislativo contenido en el artículo 1362 del Código Civil, supra, el supuesto conflicto está fuera

del campo del derecho. Desde luego, si surgiera un caso en que un demandado no sólo sostiene y alega una enajenación anterior, sino que también alega, y presenta prueba de la cual la corte sentenciadora puede inferir que el demandante en el pleito de desahucio adquirió con pleno conocimiento de la existencia de una escritura anterior de enajenación en favor de la parte demandada, la solución del caso podría ser distinta. Empero, bajo los hechos del presente caso el artículo 1362, supra, no da lugar a conflicto alguno, a menos que no deba prevalecer la letra de la ley.

Supongamos que $A$ transmite a $B$. Más tarde $B$ demanda a $A$ en desahucio. $A$ contesta que él todavía es el dueño del terreno. Un ligero examen demuestra que la escritura es completamente válida y que está inscrita o es inscribible. Bajo estas circunstancias, no existe conflicto alguno, aunque podría plausiblemente sostenerse o imaginarse que sí existía uno, conforme se hizo en el caso que está bajo nuestra consideración.

Desde luego, el artículo 1362, supra, presupone un conflicto entre dos personas que reclaman un título, pero dicho artículo resuelve el conflicto y no deja ninguno en disputa. Si no obstante se supone la existencia de un conflicto, entonces éste surge en todo caso en que hay una doble venta, y el procedimiento de desahucio no procede en favor de la persona que tiene el título verdadero.

La sentencia en este caso ordenó el avalúo de la casa por el márshal, de acuerdo con la ley, refiriéndose, según es de presumirse, a la sección 18 de la Ley de Desahucio (Ley de marzo 9, 1905, Estatutos Revisados de 1911, sec. 1642, pág. 339). Surgió alguna duda respecto a la facultad de la corte para hacerlo así. La decisión estaba probablemente dentro de los poderes de equidad de la corte y como no se señaló error alguno no daremos al asunto ulterior consideración.

*La sentencia apelada debe ser confirmada.*

El Juez Asociado Señor Córdova Dávila no intervino.

Opinión del Juez Presidente Señor Del Toro, con la cual está Conforme el Juez Asociado Señor Hutchison

A mi juicio no es éste un caso para ser resuelto dentro del procedimiento sumario de desahucio. En su demanda alega Agapito Díaz que es dueño de un solar que describe y "que la demandada Victoriana Ramos es dueña de una caseta terrera.... enclavada sobre el predio descrito.... ocupando dicha edificación un trozo de dicha parcela de trece pies de frente por veinte de fondo, lindando por el Norte, Este y Oeste con terrenos del.... predio del demandante y por su frente Sur con la calle del Dr. Veve."

Alegó además que el otro demandado Anastasio Olivero ocupa la caseta en cuestión, y que ambos demandados detentan la posesión de la porción de su solar expresada disfrutándola en precario sin pagarle canon o merced, y a virtud de lo alegado pidió sentencia decretando (a) el desalojo del demandado Olivero de la edificación, (b) el avalúo por el márshal de la caseta en la forma y a los fines que determina la ley, (c) imponiendo las costas, gastos y honorarios de abogado a los demandados y (d) concediendo al demandante cualquier otro remedio compatible con las alegaciones y la prueba que se practique en su oportunidad.

Los demandados excepcionaron la demanda por falta de hechos determinantes de causa de acción y la contestaron sustancialmente negando sus alegaciones y alegando como defensas especiales que la demandada Ramos compró por escritura pública de marzo 17, 1933, la casa en cuestión a sus dueños los esposos Ortiz y desde esa fecha entró y viene en posesión de la misma y del suelo que ocupa; que el demandante sabía que la demandada Ramos era dueña y tenía arrendada la casa y el suelo, existiendo en la casa un comercio, y que bajo esas condiciones no cabe la acción de desahucio ejercitada por una persona que "nunca ha adquirido la tradición real del inmueble."

Señaló el juez la primera comparecencia para el primero de octubre de 1934, ofreciendo en ella el demandante como prueba la escritura núm. 4 otorgada ante el notario Pesquera en enero 14, 1928, por virtud de la cual el Municipio de Bayamón vendió a Gregorio Ortiz el solar núm. 1 de la urbanización "La Quinta", de 375 metros cuadrados con frente a la calle del Dr. Veve, y la escritura núm. 71 otorgada ante el notario Márquez en agosto 1, 1934, por la que Gregorio Ortiz y su esposa vendieron el indicado solar al demandante Agapito Díaz, ambas escrituras inscritas en el registro de la propiedad, y los demandados la escritura núm. 10, otorgada ante el notario Pesquera en marzo 17, 1933, no inscrita en el registro, por virtud de la cual Gregorio Ortiz y su esposa vendieron a la demandada Ramos la casa que construyeron en el repetido solar.

La segunda comparecencia tuvo lugar cinco días después. De los autos aparece que ocurrió en ella lo que sigue:

"Dte.—El demandante quiere hacer constar que admite que la casa a que se refiere la demanda es poseída por Victoriana Ramos en concepto de dueña de buena fe y que por tanto, acepta dicha buena fe en relación con la mencionada construcción."

Presentó el demandante las dos escrituras ofrecidas como prueba. Se admitieron sin objeción. Entonces los demandados dijeron:

"Solicitamos, señor Juez, que se declare sin lugar la demanda de desahucio por haber la parte demandante admitido que la demandada comprara a Gregorio Ortiz una casa que estaba construída en solar que no era propiedad de Gregorio Ortiz."

La corte pidió memorandums a las partes sobre la moción de *nonsuit*. Volvió el caso a llamarse en octubre 27, 1934 y el 10 de diciembre siguiente fué resuelto por sentencia "ordenando que los demandados Victoriana Ramos y Anastacio Olivero sean lanzados dentro del término de veinte días .... de una casa o caseta de madera .... enclavada en una parcela de terreno que mide trece pies de frente por veinte de fondo

y linda por el Norte, Este y Oeste con terrenos del siguiente predio'', describiéndose el solar del demandante, y "que una vez lanzados los demandados de la mencionada caseta o casa se proceda por el márshal de este tribunal a un avalúo de la misma a costa de la demandada Victoriana Ramos, en la suma determinada por la ley, a los fines de practicar el correspondiente justiprecio de dicha construcción; y condenando a los demandados al pago de las costas de este pleito.''

No conformes los demandados, apelaron para ante este tribunal. Insisten en que al vendérseles la casa y dárseles posesión de la misma se les vendió y puso en posesión del terreno que la casa ocupa.

La escritura que presentaron como prueba se titula "de venta de casa.'' En ella comparecen Gregorio Ortiz acompañado de su esposa Eugenia Erazo de una parte y Victoriana Ramos de la otra. Los comparecientes Ortiz y esposa hicieron constar que eran dueños de un solar que describen y que es el mismo que luego vendieron al demandante, y que sobre ese solar habían construído una casa terrera, de madera, techada de zinc que medía trece pies de frente por veinte de fondo, que habían convenido vender. Seguidamente se efectuó la venta de acuerdo con las siguientes cláusulas:

"*Primera:* Los esposos don Gregorio Ortiz y doña Eugenia Erazo hacen venta real y absoluta de la casa descrita en el precedente primero de esta escritura a favor de doña Victoria Ramos, para que ésta la posea en propiedad en la misma forma que la han venido poseyendo los vendedores sin reserva ni limitación alguna.

"*Segunda:* Esta venta tiene lugar por la suma de doscientos cincuenta dollars que confiesan los vendedores tener recibida de la compradora a su satisfacción y antes de este acto por lo cual otorgan a su favor carta de pago.

"*Tercera:* Los vendedores se obligan a la evicción y saneamiento de esta venta conforme a derecho, sirviendo este título a la compradora en señal de posesión.

"*Cuarta:* La compradora enterada de esta escritura, la acepta por hallarla conforme.''

¿Se trasmitió a y se puso en posesión de la compradora el terreno que sostenía la casa? ¿Debe entenderse que bajo las circunstancias concurrentes es la casa lo principal y lo accesorio el terreno, como sostiene en su alegato la apelante? La verdad es que el documento debió ser más claro sobre el particular. Generalmente cuando no se trasmite el terreno, se especifica el pago de algún canon por el uso del mismo. El propio reglamento para la ejecución de la Ley Hipotecaria en su artículo 64 dice: "En toda inscripción relativa a fincas en que el suelo pertenece a una persona y el edificio o las plantaciones a otra, se expresará con claridad esta circunstancia." Aquí lo estipulado fué que la compradora poseyera la casa "en propiedad en la misma forma que la han venido poseyendo los vendedores sin reserva ni limitación alguna", estipulación vaga que pudo por lo menos haber inducido a la compradora a creer que tendría el disfrute de la tierra, ya que iba a poseer la casa en la misma forma que la venían poseyendo los vendedores que eran dueños de la casa y el solar, sin reserva ni limitación alguna.

Bajo esas condiciones, ¿cabe el ejercicio de la acción de desahucio en este caso? Ya hemos dicho que no cabe.

El demandante alegó y probó que era dueño en toda su extensión del solar en una parte del cual se levanta la casa, pero alegó y admitió en el juicio que la casa no era suya sino de la demandada Ramos que la poseía de buena fe en concepto de dueña. Y conocemos la forma en que fué otorgado el título de adquisición.

No se trata, pues, de una doble venta en que el demandante alegue la preferencia de su título por haberse inscrito con anterioridad en el registro y en que se invoque el principio de que lo accesorio, la casa, sigue a lo principal, el suelo.

El propio demandante planteó su caso partiendo de la base del dominio de la casa por parte de la demandada Ramos y de su buena fe en la posesión de la misma, tratando de comprenderlo en la sección 18 de la Ley de Desahucio, ar-

tículo 637 del Código de Enjuiciamiento Civil, ed. 1933, pág. 262, que prescribe:

"No será un obstáculo para el lanzamiento el que el colono o inquilino reclame como suyos labores, plantíos o cualquiera otra cosa que no se pueda separar de la finca.

"En este caso el márshal procederá al inmediato lanzamiento, sin prórroga alguna, y una vez efectuado éste a instancia del interesado procederá a la práctica de un avalúo a costa del reclamante, previa designación de un perito nombrado por los interesados de común acuerdo, y en caso de discordia de tres peritos designados uno por cada parte y el tercero por el márshal. Practicado el justiprecio y recibido por el márshal el resultado del mismo por escrito que firmarán los peritos, los interesados y dicho funcionario, lo devolverá a la corte con la orden de ejecución; quedando al demandado libre el ejercicio de su acción para reclamar ante el tribunal competente, el importe de la cantidad en que se aprecie lo que creyere corresponderle."

Y la sentencia de la corte de distrito se dictó aplicando esa disposición legal.

¿Puede aplicarse?. A nuestro juicio no puede, porque no se trata de un colono o inquilino que reclame como suyos labores, plantíos o cualquiera otra cosa que no se pueda separar de la finca, sino de una casa fabricada por el dueño del suelo que la vendió a una persona—la demandada Ramos —sin aclaración alguna, vendiendo luego el suelo a otra persona—el demandante Ortiz—tampoco sin aclaración, reconociendo Ortiz que sólo es dueño del suelo y no de la casa que posee la demandada Ramos de buena fe.

La escritura de venta de la casa dejó sin regular específicamente bajo qué condiciones seguiría usando el comprador de la casa el suelo que la sostenía. No se ha presentado la más leve prueba por ninguna de las partes sobre el particular. El demandante adquirió el solar en que está enclavada la casa en agosto 1°., 1934, enterado de la situación. Su demanda enmendada aparece archivada en septiembre 26, 1934, de suerte que su demanda original debió presentarse poco después de su adquisición. Nada se sabe de gestiones

o requerimientos previos. El caso parece que se llevó en seguida ante los tribunales de justicia para dirimir el conflicto existente escogiéndose para ello el juicio de desahucio que, dada su naturaleza sumaria, no es en verdad el apropiado.

Aquí no existe un derecho perfectamente claro. Se trata en verdad de un caso anómalo al que quizá sea aplicable el artículo 297 del Código Civil, ed. 1930, que dice:

"El dueño del terreno en que se edificare, sembrare o plantare de buena fe, tendrá derecho a hacer suya la obra, siembra o plantación, previa la indemnización establecida en los artículos 382 y 383 de este Código, o a obligar al que fabricó o plantó, a pagar el precio del terreno, y al que sembró, la renta correspondiente."

Decimos simplemente que quizá sea aplicable porque no fué la demandada quien edificó, pero ¿no puede equipararse el acto de comprar en la forma peculiar que comprara creyendo que tenía derecho al suelo, al acto de edificar creyéndose que se edifica en suelo propio cuando de hecho se está edificando en suelo ajeno?

Hay una diferencia substancial entre regular el caso por la sección 18, supra, de la ley de desahucio o resolverlo siguiendo la pauta que traza el artículo 297, supra, del Código Civil, porque si se aplica la ley de desahucio el dueño de la cosa reclamada es desalojado sin demora, con derecho a reclamar luego su valor, mientras que si se aplica el Código Civil tiene el dueño de lo edificado la oportunidad de consolidar su dominio adquiriendo el del terreno, y si no se la da, el propietario del terreno para hacer suya la obra tiene previamente que satisfacer a su dueño la indemnización que proceda.

En tal virtud y sin que tengamos que resolver en definitiva ninguna de las cuestiones apuntadas, creemos que debe revocarse la sentencia apelada y declararse la demanda sin lugar, sin especial condenación de costas, sin perjuicio de que el conflicto que existe se ventile y decida en el juicio plenario correspondiente.